UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| KEMEN L. TAYLOR, II, Ex Relatione In Propria Persona: Kemen L. Taylor II, | Case No. 16-CV-3893 (DSD/LIB) |
| Petitioner, | |
| v. | |
| GOVERNOR MARK DAYTON, | |
| Respondent. | |
| | |
| KEMEN LAVATOS TAYLOR, II, | Case No. 16-CV-3965 (DSD/LIB) |
| Petitioner, | REPORT AND RECOMMENDATION |
| v. | |
| TOM ROY, Commissioner of Corrections, | |
| Respondent. | |

---

This matter comes before the undersigned United States Magistrate Judge upon the routine supervision of the cases that pend before the Court pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636.

On November 14, 2016, petitioner Kemen L. Taylor acting pro se filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging convictions for aiding and abetting murder and attempted murder incurred in state court. This habeas petition includes twelve grounds

for relief. Although there are a few minor errors within the habeas petition,[1] these mistakes are easily correctable, and under ordinary circumstances, this Court would now order respondent to answer the habeas petition in a manner consistent with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

One week later, however, another habeas corpus petition was filed under Taylor's name challenging the same convictions, this time with assistance of counsel. The second habeas petition includes fewer grounds for relief (six), each of which was included in Taylor's original habeas petition. Further, unlike in the first habeas petition, the factual basis for the second set of grounds is not adequately set forth in the habeas petition. *See* Rule 2(c)(2), Rules Governing Section 2254 Cases.

Taylor cannot — and likely did not intend to — proceed in two separate habeas actions challenging the same convictions. It is therefore recommended that these actions be consolidated. All documents filed to date should be docketed in Case No. 16-CV-3893, while Case No. 16-CV-3965 should be administratively terminated, without prejudice to Taylor's right to seek habeas corpus relief. Because the first habeas corpus petition — that is, the petition filed in Case No. 16-CV-3893 — substantially complies with the Rules Governing Section 2254 Cases, while the second habeas petition does not, it is further recommended that the first habeas petition be regarded as the operative petition in the consolidated proceedings, absent direction from Taylor to the contrary.

---

[1] Taylor has not signed the petition, as required by Fed. R. Civ. P. 11(a), and Governor Mark Dayton is likely not a correct respondent to the petition. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[T]he default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not . . . some other remote supervisory official."). Taylor also did not pay the filing fee for the original action, but because the filing fee was paid for the second (superfluous) habeas action, he need not submit another filing fee should these matters be consolidated as recommended.

Should this recommendation be adopted, this Court will thereafter order respondent to answer the operative petition in a manner consistent with Rule 5.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Cases Nos. 16-CV-3893 (DSD/LIB) and 16-CV-3965 (DSD/LIB) be CONSOLIDATED.

2. That Case No. 16-CV-3965 be ADMINISTRATIVELY TERMINATED, without prejudice to Taylor's right to seek habeas corpus relief.

3. That all documents filed to date in both cases be docketed in Case No. 16-CV-3893.

4. That the habeas corpus petition filed in Case No. 16-CV-3893 be regarded as the operative petition in this matter, absent direction from Taylor to the contrary.

Dated: December 2, 2016
s/Leo I. Brisbois
Leo I. Brisbois
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.