UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 16-3893(DSD/LIB)

Kemen Lavatos Taylor, II,

    Petitioner,

v.                                                      **ORDER**

Governor Mark Dayton; and
Tom Roy Commissioner of Corrections,

    Respondents.

    This matter is before the court upon petitioner Kemen Lavatos Taylor, II's objection to the January 22, 2019, report and recommendation (R&R) of Magistrate Judge Leo I. Brisbois. The R&R recommended that the court dismiss Taylor's petition for a writ of habeas corpus under 28 U.S.C. § 2254 and that the court not issue a certificate of appealability.

**BACKGROUND**

    The underlying facts are fully set forth in the R&R and the court will not repeat them here. On October 4, 2012, a grand jury indicted Taylor on two counts of murder. At Taylor's jury trial, the Minnesota trial court required that all spectators in the gallery show photographic identification before entering the courtroom to prevent disruptions. Taylor claims that as a result of this order, several of his family members and friends were barred from attending the trial. Taylor was convicted on both

murder counts on March 5, 2014.

Taylor directly appealed the conviction to the Minnesota Supreme Court, raising, among other things, a Sixth Amendment claim that the photo-identification requirement violated his right to a public trial. Taylor did not request at that time to supplement the record. On August 26, 2015, the Minnesota Supreme Court affirmed Taylor's conviction and held that the photo identification requirement was "too trivial to constitute a true closure" of his trial. State v. Taylor, 869 N.W.2d 1, 11-12 (Minn. 2015). However, one of the justices wrote a dissenting opinion stating that "requiring members of the public to provide photo identification to enter a courtroom during trial is a bridge too far." Id. at 23.

On March 1, 2017, Taylor filed a petition for post-conviction relief in Minnesota state court. Taylor sought a hearing to introduce evidence that community members and his relatives had been denied access to his trial because they could not produce photo identification. On April 28, 2017, the state trial court denied the petition because Minnesota procedure requires that, in a post-conviction proceeding, all matters, which have already been fully and fairly litigation cannot be relitigated and matters that could have been raised on direct appeal cannot be raised in a subsequent post-conviction proceeding. See State v. Knaffla, 243 N.W.2d 737, 741 (Minn. 1976). On April 4, 2018, the Minnesota

Supreme Court affirmed the state trial court's denial of his post-conviction petition. Taylor v. State, 910 N.W.2d 35 (Minn. 2018).

On June 7, 2018, Taylor filed an amended petition for habeas corpus under § 2254. On January 22, 2019, the magistrate judge recommended that Taylor's amended habeas petition be dismissed and that no certificate of appealability be issued. Taylor now objects to the R&R.

**DISCUSSION**

**I. Legal Standard**

A federal court may grant habeas relief under § 2254 if it determines that the underlying state-court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or ... was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d). "[A] state court decision is contrary to clearly established federal law if it arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if it decides a case differently than the Supreme Court has on a set of materially indistinguishable facts." Brende v. Young, 907 F.3d 1080, 1085 (8th Cir. 2018) (internal citations omitted). This standard is difficult to meet, and a habeas petitioner must "show that the state court's ruling on the

3

claim ... presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. (internal citations omitted). The unreasonable application of those holdings must be objectively unreasonable, not merely wrong; even clear error will not suffice. White v. Woodall, 572 U.S. 415, 419 (2014).

The court reviews the R&R de novo. 28 U.S.C. § 636 (b)(1)(C); D. Minn. LR 72.2(b). After a careful review, the court finds that the R&R is well reasoned and correct. As a result, the court adopts the R&R and denies Taylor's § 2254 habeas petition.

**II. Objections**

Taylor first objects to the magistrate judge's conclusion that the photo-identification requirement is not contrary to or an unreasonable application of federal law. Taylor relies on Waller v. Georgia, 467 U.S. 39 (1984), (suppression motion-hearing closure), and Presley v. Georgia, 558 U.S. 209 (2012), (voir-dire closure), but that reliance is misplaced. Waller and Presley do not address the standard for whether an actual closure occurred in the first instance, but rather, the court's justification for the closure. In addition, the Minnesota Supreme Court did not apply Waller and Presley in concluding that the photo-identification requirement was not a closure of Taylor's trial. Accordingly, the magistrate judge properly held that the Minnesota Supreme Court's

4

decision "does not concern the standards for whether a trial closure is justified; it concerns instead the logically prior question of whether a closure meriting Sixth Amendment concern has occurred at all." ECF No. 33 at 16. The court must, therefore, adopt the R&R and Taylor's habeas petition must be denied.

Taylor next objects to the magistrate judge's conclusion that he procedurally defaulted on his attempt to supplement the record on his public-trial claim. "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1). "Federal habeas corpus review is barred when a federal claim has not been fairly presented to the state court for a determination on the merits." Hall v. Delo, 41 F.3d 1248, 1249-50 (8th Cir. 1994) (internal citations omitted). "A habeas claim has not been fairly presented ... when the state court has declined to decide the federal claim on the merits because the petitioner violated a state procedural law." Id. at 1250.

The magistrate judge correctly found that the Minnesota trial court properly applied the procedural default rule because Taylor waived his right to request record supplementation during the post-conviction proceeding by failing to request that same supplementation on direct appeal. See Knaffla, 243 N.W.2d at 741.

5

In addition, the magistrate judge correctly found that Taylor failed to establish that he should be excused from his procedural default.

Taylor next objects to the magistrate judge's conclusion that the Minnesota Supreme court did not misapply clearly established federal law by affirming the trial court's exclusion of alternative-motive evidence. Specifically, Taylor argues that the Minnesota Supreme Court misapplied Crane v. Kentucky, 476 U.S. 683 (1986). However, the magistrate judge correctly noted that the Minnesota Supreme Court did not at all apply or analyze Crane because Crane does not address alternative-motive evidence.

Lastly, Taylor objects to the magistrate judge's determination that the combination of asserted errors does not justify habeas relief. As the magistrate judge correctly noted, however, the Eighth Circuit has held that cumulative error fails to support a habeas claim. Henderson v. Norris, 118 F.3d 1283, 1288 (8th Cir. 1997). Rather, each habeas claim must stand or fail on its own. See id. As a result, the R&R must be adopted in its entirety.

**II. Certificate of Appealability**

A certificate of appealabiilty cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Although the court remains fully satisfied that Taylor's habeas petition is properly dismissed on all grounds, the fact that a dissent was filed in his

6

direct appeal on the public trial claim shows that this issue is debatable among jurists. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). In addition, the court notes that a certificate of appealability was recently issued in a habeas petition involving an alleged Minnesota public trial-right deprivation. See Smith v. Smith, No. 17-673, 2018 WL 3696601 (D. Minn. Aug. 3, 2018). Accordingly, the public trial-right deprivation alleged here is "adequate to deserve encouragement to proceed further." Slack, 529 U.S. at 484 (internal citations omitted). As a result, the court will grant a certificate of appealability on Taylor's open trial-right claim.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1. The objection [ECF No. 36] to the R&R is overruled;

2. The R&R [ECF No. 33] is adopted;

3. The amended petition for a writ of habeas corpus under § 2254 [ECF No. 24] is dismissed with prejudice; and

4. For purposes of appeal, the court grants a certificate of appealability under § 2253(c)(2) solely on the alleged violation of Taylor's public-trial right.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 16, 2019

                                            s/David S. Doty
                                            David S. Doty, Judge
                                            United States District Court